IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUSTIN WILLIS,
    Plaintiff,

vs.                                 Case No. 3:10cv426/RV/EMT

DAVID MORGAN, SHERIFF, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). On October 28, 2010, this court entered an order denying Plaintiff leave to proceed in forma pauperis and giving him twenty-eight (28) days in which to pay the filing fee (Doc. 4). Plaintiff subsequently filed a motion to reconsider the October 28, 2010, order, which the court denied (*see* Docs. 5, 6). Plaintiff failed to pay the filing fee; therefore, on December 1, 2010, the court issued an order requiring Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 7). The time for compliance with the show cause order has now elapsed, and Plaintiff has failed to pay the filing fee.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

        At Pensacola, Florida, this 3rd day of January 2011.

                                              /s/ *Elizabeth M. Timothy*
                                              **ELIZABETH M. TIMOTHY**
                                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**